## MacEVOY et al. v. ARONSON.

### (Supreme Court, Appellate Term.   March 21, 1905.)

**1. SALES—STATUTE OF FRAUDS—ACCEPTANCE.**
Where defendant accepted a part of the goods delivered under an entire contract of sale, such acceptance was sufficient to take the contract out of the statute of frauds.
[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 172.]

**2. SAME—SALE BY SAMPLE—EXAMINATION BY AGENT—DELAY.**
Where, on delivery of the first installment of goods sold by sample, defendant sent the same to an examiner for inspection, as authorized by the custom of the trade, such examiner was defendant's agent, for whose delay in inspection defendant was responsible.

**3. SAME—ACCEPTANCE.**
Where the first piece of goods sold by sample was delivered on November 20th, and no attempt was made to return any of the goods until December 12th, such delay was unreasonable, and amounted to an acceptance of the goods.
[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 453.]

Action by Thomas J. MacEvoy and another against Max Aronson.  From a Municipal Court judgment in favor of plaintiffs, defendant appeals.   Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Herman G. Loew, for appellant.
Stern, Singer & Barr, for respondents.

PER CURIAM.   Both parties claim—and, as we think, rightly—that the contract sued upon was an entire one.   It follows that acceptance of a part of the goods is sufficient to take the contract out of the statute of frauds.   Brock v. Knower, 37 Hun, 609.   It was shown that the second shipment was refused by defendant, and the whole question turns upon whether or not the first shipment was accepted.   The sale was by sample, and in such a case the law requires that the vendee shall examine the goods promptly, and that he cannot unreasonably delay his rejection if the goods be found not equal to the sample.   If he proposes to repudiate the sale because it is claimed to be void under the statute of frauds, his acceptance will be inferred from continued retention of the goods after receipt. It may be assumed that the custom of the trade justified defendant in sending the first delivery to an examiner, but that examiner was his agent, and for his delay the defendant must be held responsible. The evidence shows that the first piece of goods was delivered on November 20th, and no attempt was made to return them until December 12th.   The defense that the sale was void under the statute of frauds is evidently an afterthought, as well as the suggestion that the goods were ordered for instant delivery, and were received too late.   The attempted rejection of the goods was made on the specific ground that the goods were defective.   Treating the sale as one by sample, the evidence certainly shows an unreasonable delay in examining and rejecting the goods, and the weight of the

evidence is to the effect that the goods were equal to sample, and merchantable, with no more imperfections than, according to trade customs, should have been adjusted by an allowance. In our opinion, the evidence showed sufficient acceptance to take the transaction out of the statute of frauds, and the defendant did not prove such defects in quality as would justify a repudiation of the contract on that ground.

Judgment affirmed, with costs.